UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| DEBRA L. PARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-165 |
| | ) | |
| ALLTRAN FINANCIAL, LP; and | ) | |
| LVNV FUNDING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, DEBRA L. PARR ("Plaintiff"), by and through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, ALLTRAN FINANCIAL, LP and LVNV FUNDING, LLC ("Alltran" and "LVNV" respectively and "Defendants" collectively):

## INTRODUCTION

1. Counts I and II of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Counts III and IV of Plaintiff's Complaint are based on the Wisconsin Consumer Act, WIS. STAT. § 427.101, et seq. ("WCA").

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

7. Plaintiff is a natural person residing in the City of Milwaukee, Milwaukee County, State of Wisconsin.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and a person or customer as those terms are used in WIS. STAT. §§ 427.105 and 425.304.

9. Plaintiff allegedly owes a debt or a claim as those terms are defined respectively by 15 U.S.C. § 1692a(5) and WIS. STAT. § 427.103(1).

10. Alltran is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and WIS. STAT. § 427.103(3).

11. LVNV is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and WIS. STAT. § 427.103(3).

12. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

13. Alltran is a Texas limited partnership based in the City of Texas, Harris County, State of Texas.

14. LVNV is a Delaware limited liability company, and debt buyer, based in the Consolidated Municipality of Carson City, State of Nevada.

15. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Defendants, it is assigned a file number.

17. The principal purpose of Defendants' businesses is the collection of debts allegedly owed to third parties or originally owed to third parties.

18. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties or originally owed to third parties.

19. During the course of their attempts to collect debts allegedly owed to third parties or originally owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly arising from a Synchrony Bank Walmart CareCredit Card account (original account no. ####-####-####-0335).

22. Synchrony Bank is the original creditor of the alleged debt.

23. The alleged debt owed arises from transactions for personal, family, or household purposes.

24. At all times relevant hereto, LVNV owned the alleged debt.

25. Alltran assigned the alleged debt the ID number 45988582.

26. At all times relevant hereto, Alltran was engaged by LVNV to collect the alleged debt.

27. In or around early 2017, Synchrony Bank was placing collection calls to Plaintiff in an attempt to collect the alleged debt.

28. On February 1, 2017, Plaintiff sent a letter via facsimile to Synchrony Bank requesting that Synchrony Bank cease-and-desist from contacting Plaintiff and that Plaintiff could not pay the alleged debt. (A true-and-correct copy of said letter is attached hereto as Exhibit A).

29. On February 1, 2017, Synchrony Bank received Plaintiff's above-referenced letter. (A true-and-correct copy of the facsimile receipt is attached hereto as Exhibit B).

30. Upon Synchrony Bank's receipt of Plaintiff's letter, Synchrony Bank immediately stopped contacting Plaintiff.

31. When LVNV acquired the alleged debt, it was on actual or constructive notice of Plaintiff's communications with Synchrony Bank.

32. When Alltran agreed to attempt to collect the alleged debt on LVNV's behalf, it was on actual or constructive notice Plaintiff's communications with LVNV/Synchrony Bank.

33. Despite Plaintiff's earlier cease-and-desist request and notice that she was unable to pay the alleged debt, Alltran continued to communicate with Plaintiff in an attempt to collect the alleged debt, including but not limited to sending Plaintiff a collection letter dated January 21, 2021.

34. Alltran's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

35. The natural consequences of Alltran's actions was to unjustly condemn and vilify Plaintiff

for her non-payment of the debt Plaintiff allegedly owed.

36. The natural consequences of Alltran's actions was to produce an unpleasant and/or hostile situation between Alltran and Plaintiff.

37. The natural consequences of Alltran's actions was to cause Plaintiff mental distress.

## COUNT I:
## ALLTRAN FINANCIAL, LP VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

38. Alltran violated the FDCPA based on the following:

    a. Alltran violated § 1692c(c) of the FDCPA when Defendant communicated with Plaintiff despite Plaintiff's written cease-and-desist request;

    b. Alltran further violated § 1692c(c) of the FDCPA when Alltran communicated with Plaintiff despite Plaintiff written notice that she was unable to pay the alleged debt;

    c. Alltran violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Alltran communicated with Plaintiff despite Plaintiff making a cease-and-desist request and notice that she was unable to pay the alleged debt;

    d. Alltran violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Alltran created the false impression on Plaintiff that Alltran was permitted by law to communicate with Plaintiff despite Plaintiff making a cease-and-desist request and notice that she was unable to pay the alleged debt;

    e. Alltran violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or

5

misleading representation or means in connection with the collection of any debt when Alltran created the false impression on Plaintiff that Alltran was permitted by law to communicate with despite Plaintiff making a cease-and-desist request and notice that she was unable to pay the alleged debt; and

f. Alltran violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Alltran engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff DEBRA L. PARR, respectfully requests judgment be entered, both jointly and severally, against Defendant, ALLTRAN FINANCIAL, LP, for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## LVNV FUNDING, LLC VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff incorporates herein by reference the foregoing paragraphs 1 through 38 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

40. As alleged above, LVNV is a debt collector as defined by the FDCPA.

41. LVNV engaged the services of fellow debt collector Alltran to collect the alleged debt from Plaintiff.

42. LVNV has the burden to monitor the activities of Alltran.

43. Alltran violated the FDCPA.

44. LVNV is vicariously liable for the unlawful collection activities carried out by Alltran on its behalf.

45. Moreover, LVNV "parked" the alleged debt on Plaintiff's credit report before contacting Plaintiff.

WHEREFORE, Plaintiff, DEBRA L. PARR, respectfully requests that judgment be entered, both jointly and severally, against Defendant, LVNV FUNDING, LLC, for the following:

46. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

47. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

48. Any other relief that this Honorable Court deems appropriate.

## COUNT III:
## ALLTRAN FINANCIAL, LP VIOLATED THE WISCONSIN CONSUMER ACT

49. Plaintiff incorporates by reference the foregoing paragraphs 1-37 of this Complaint as though fully stated herein under Count III of Plaintiff's Complaint.

50. Alltran violated the Wisconsin Consumer Act. Alltran's violations include, but are not limited to, the following:

    a. Alltran violated WIS. STAT. § 427.104(1)(h) by engaging in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer when Alltran communicated with Plaintiff despite Plaintiff making a cease-and-desist request and notice that she was unable to pay the alleged debt.

51. As a result of the foregoing violations of the Wisconsin Consumer Act, Alltran is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other

7

Case 2:21-cv-00165-PP   Filed 02/10/21   Page 7 of 9   Document 1

and further relief as the Court deems proper.

WHEREFORE, Plaintiff, DEBRA L. PARR, respectfully requests that judgment be entered, both jointly and severally, against Defendant, ALLTRAN FINANCIAL, LP, for the following:

    a. Actual damages pursuant to WIS. STAT. §§ 427.105(1) and 427.304(2) in an amount to be determined at trial;

    b. Statutory damages from Alltran pursuant to WIS. STAT. § 427.304(1);

    c. Costs and reasonable attorney's fees pursuant to pursuant to WIS. STAT. § 425.308; and

    d. For such other and further relief as the Court may deem just and proper.

## COUNT IV:
## LVNV FUNDING, LLC VIOLATED THE WISCONSIN CONSUMER ACT

52. Plaintiff incorporates by reference the foregoing paragraphs 49-51 of this Complaint as though fully stated herein under Count IV of Plaintiff's Complaint.

53. As alleged above, LVNV is a debt collector as defined by the WCA.

54. LVNV engaged the services of fellow debt collector Alltran to collect the alleged debt from Plaintiff.

55. LVNV has the burden to monitor the activities of Alltran.

56. Alltran violated the WCA.

57. LVNV is vicariously liable for the unlawful collection activities carried out by Alltran on its behalf.

58. As a result of the foregoing violations of the Wisconsin Consumer Act, LVNV is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other

8

and further relief as the Court deems proper.

WHEREFORE, Plaintiff, DEBRA L. PARR, respectfully requests that judgment be entered, both jointly and severally, against Defendant, LVNV FUNDING, LLC, for the following:

a. Actual damages pursuant to WIS. STAT. §§ 427.105(1) and 427.304(2) in an amount to be determined at trial;

b. Statutory damages from Alltran pursuant to WIS. STAT. § 427.304(1);

c. Costs and reasonable attorney's fees pursuant to pursuant to WIS. STAT. § 425.308; and

d. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,
AGRUSS LAW FIRM, LLC

Date: February 10, 2021

By: /s/ James J. Parr
James J. Parr
IL State Bar #: 6317921
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
Attorney for Plaintiff